Cause No: C2024-0907E

| | | |
|---|---|---|
| TERESA RAMOS, ISMAEL RAMOS, ILEANA RAMOS, INGRID RAMOS, and ISAAC RAMOS, Individually, as Wrongful Death Beneficiaries, and on behalf of the Estate of BARDOMIANO RAMOS CUERVO, *Plaintiffs,* vs. MAGNUM MANAGEMENT CORPORATION D/B/A SCHLITTERBAHN WATERPARK & RESORT. *Defendant.* | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT 466TH JUDICIAL DISTRCT COMAL COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

COME NOW Teresa Ramos, Ismael Ramos, Ileana Ramos, Ingrid Ramos, and Isaac Ramos, Individually, as wrongful death beneficiaries, and on behalf of the Estate of Bardomiano Ramos Cuervo ("Plaintiffs") and file this First Amended Petition complaining of Magnum Management Corporation d/b/a Schlitterbahn Waterpark & resort ("Magnum Management Corporation") and for cause of action would respectfully show the Court the following:

**1.00    DISCOVERY CONTROL PLAN**

Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00    PARTIES**

2.01    Plaintiff Teresa Ramos is an individual and a resident of the State of Texas. Plaintiff is the surviving spouse of Bardomiano Ramos Cuervo.

2.02    Plaintiff Ismael Ramos is an individual and a resident of the State of Texas. Plaintiff is a surviving adult child of Bardomiano Ramos Cuervo.

2.03    Plaintiff Ileana Ramos is an individual and a resident of the State of Texas. Plaintiff

is a surviving adult child of Bardomiano Ramos Cuervo.

2.04    Plaintiff Ingrid Ramos is an individual and a resident of the State of Texas. Plaintiff is a surviving adult child of Bardomiano Ramos Cuervo.

2.05    Plaintiff Isaac Ramos is an individual and a resident of the State of Texas. Plaintiff is a surviving adult child of Bardomiano Ramos Cuervo.

2.06    Defendant Magnum Management Corporation d/b/a Schlitterbahn Waterpark & Resort is a foreign corporation doing business in the State of Texas with its principal office in Comal County, Texas. Defendant may be provided with service of process upon its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**3.00    JURISDICTION & VENUE**

3.01    The amount in controversy is within jurisdictional limits of this Court.

3.02    Plaintiffs seek over $1,000,000 in damages.

3.03    Comal County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

**4.00    STATEMENT OF FACTS**

4.01    At all times material hereto, Bardomiano Ramos Cuervo was an employee of Magnum Management Corporation.

4.02    At all times material hereto, Defendant Magnum Management Corporation, was a subscriber to Texas' Worker's Compensation Insurance.

4.03    On or about July 5, 2023, Bardomiano Ramos Cuervo was acting in his capacity as an employee of Magnum Management Corporation, when he attempted to troubleshoot a bus with brake and/or air issues. While working underneath the bus, the air suspension system activated and caused the bus to lower on top of Bardomiano Ramos Cuervo, crushing him.

4.04   As a result of being crushed by the bus, Bardomiano Ramos Cuervo suffered devastating injuries that ultimately resulted in his death. However, prior to his death, Bardomiano Ramos Cuervo suffered extreme physical pain and mental anguish.

**5.00   NEGLIGENCE: MAGNUM MANAGEMENT CORPORATION**

5.01   Bardomiano Ramos Cuervo sustained severe injuries, causing his untimely death, due to the negligence of Defendant. Defendant's acts and/or omissions include, but are not limited to, the following: (1) improperly maintaining its equipment; (2) improper safety training; (3) failing to ensure that operators of its equipment were properly certified to operate said equipment; (4) failing to adequately train its workers; (5) failing to adequately warn of known risks and hazards; (6) failing to maintain a safe work environment; (7) failing to use proper equipment; (8) failing to give adequate warning; (9) failing to properly supervise; (10) failing to furnish employment and a place of employment which were free from recognized hazards that were likely to cause death or serious physical harm to employees; (11) failing to warn Bardomiano Ramos Cuervo of an unreasonably dangerous condition; (12) and failing to eliminate known hazards.

5.02   The above acts and/or omissions were a cause in fact and a proximate cause of Bardomiano Ramos Cuervo's injuries and ultimate death, as well as the injuries and damages sustained by Plaintiffs.

**6.00   GROSS NEGLIGENCE: MAGNUM MANAGEMENT CORPORATION**

Plaintiffs further allege that the conduct of Defendant constitutes gross negligence, as that term is defined by Texas law.  That is, when viewed objectively from the standpoint of Defendant and its vice-principals, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant had an actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover

exemplary/punitive damages as allowed by law for this conduct.

**7.00    WRONGFUL DEATH CLAIM**

Plaintiffs are the statutory wrongful death beneficiaries of Bardomiano Ramos Cuervo. Defendant's negligent acts and omissions complained of herein caused the death of Bardomiano Ramos Cuervo. Had Bardomiano Ramos Cuervo lived, he would have been entitled to bring a cause of action against Defendant for negligence and gross negligence. Plaintiffs have suffered injury as a result of Bardomiano Ramos Cuervo's death.

**8.00    DAMAGES: WRONGFUL DEATH**

8.01    Plaintiffs bring this action for the benefit of all beneficiaries of the Estate of Bardomiano Ramos Cuervo, deceased, for all benefits and damages due pursuant to the Wrongful Death Act contained in Sections 71.001 through 71.011 of the Texas Civil Practice and Remedies Code. Plaintiffs also bring this action as heirs and for the benefit of all beneficiaries of the Estate of Bardomiano Ramos Cuervo, deceased, pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code, along with all other damages they may claim at common law.

8.02    As a direct, proximate, and foreseeable result of the above referenced acts and/or omissions of Defendant, taken singularly or in conjunction with each other, Teresa Ramos, the surviving spouse of Bardomiano Ramos Cuervo, has suffered substantial damages for which she seeks recovery from Defendant pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code, including:

a. past and future pecuniary loss;
b. past and future love, affection, solace, comfort, companionship, society, emotional support, and happiness by virtue of the destruction of the spousal relationship; and
c. past and future mental anguish, grief, and sorrow

8.03   As a direct, proximate, and foreseeable result of the above referenced acts and/or omissions of Defendant, taken singularly or in conjunction with each other, Ismael Ramos, Ingrid Ramos, Isaac Ramos, and Ileana Ramos, the surviving adult children of Bardomiano Ramos Cuervo, have suffered substantial damages for which they seek recovery from Defendant pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code, including:

   a. past and future pecuniary loss;
   b. past and future love, affection, solace, comfort, companionship, society, emotional support, and happiness by virtue of the destruction of the parent-child relationship; and
   c. past and future mental anguish, grief, and sorrow

**9.00   DAMAGES: SURVIVAL ACTION**

9.01   As a direct and proximate result of Defendant's negligent acts complained of herein, Bardomiano Ramos Cuervo received injuries which caused his death shortly following the accident. However, during the last moments of his life, Bardomiano Ramos Cuervo suffered horrible physical pain, suffering, and mental anguish for which Plaintiffs on behalf of the Estate of Bardomiano Ramos Cuervo now bring suit.

9.02   In addition, reasonable and necessary medical, funeral, and burial expenses were incurred by Bardomiano Ramos Cuervo for which Plaintiffs on behalf of the Estate of Bardomiano Ramos Cuervo now bring suit.

**10.00   REQUIRED DISCLOSURES**

Plaintiffs request that Defendant take notice of 2021 changes to Rule 194 and "[w]ithout awaiting a discovery request," timely produce copies of "all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses." TEX. R. CIV. P. 194.2(b)(6).

**11.00   INTEREST**

Plaintiffs further request both pre-judgment and post-judgment interest as allowed by law.

**12.00   NOTICE OF INTENT TO USE UNFILED DISCOVERY**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs file this notice of intent to use in any pretrial proceeding and/or the trial of this case, any and all documents produced by any party in response to any written discovery.

**13.00   JURY DEMAND**

Plaintiffs hereby demand a trial by jury, the fee for which is tendered with the filing of this petition.

**14.00   TO THE COURT ONLY**

At all times relevant and material to the events made the basis of this suit, Defendant was a "subscriber" to workers' compensation insurance coverage in accordance with the Texas Labor Code, and maintained workers' compensation coverage for Decedent, Bardomiano Ramos Cuervo. Plaintiffs bring this suit as allowed by the Texas Workers' Compensation Act. Although this is an action for exemplary/punitive damages, it may be necessary for Plaintiffs to submit evidence of the actual damages to the jury, and obtain findings from the jury regarding actual damages, in order to aid the Court's application of exemplary/punitive damages cap.

**15.00   PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and upon a final hearing hereof, Plaintiffs recover a judgment over and against the Defendant for the damages as pled herein, including punitive/exemplary damages, pre-judgment and post-judgment interest as allowed by law, costs of court, and costs of suit, in amounts the jury determines to be fair and reasonable, and for such other and further relief,

at law and in equity, to which the Plaintiffs are justly entitled.

Respectfully submitted,

*/s/ Keith Purdue*
**Keith C. Purdue**
SBN 24058060
legal@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
legal@injuryrelief.com
**Cory N. Carlson**
SBN 24138098
legal@injuryrelief.com
GROSSMAN LAW OFFICES, P.C.
3890 W. Northwest Highway, Suite 100
Dallas, Texas 75220
P: (214) 220-9191 | F: (214) 220-9127
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was forwarded to all counsel of record via electronic delivery on July 2, 2024.

*/s/ Keith C. Purdue*
**KEITH C. PURDUE**
